[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (RE: MOTION TO CITE IN PARTY DEFENDANTS #123)
The plaintiff has moved to cite in Atty. Ronald P. Sherlock as a party defendant, claiming that any damages sustained by the CT Page 2187 defendants, as alleged in their counterclaim, were caused by the legal advice given them by their Attorney Ronald Sherlock. Reference is made to Memorandum of Decision Re: Motion to Disqualify. The plaintiffs claim that Atty. Sherlock is a necessary party to apportion liability.
The cases relied upon by the plaintiff do not involve an attempt to cite in a party's attorney but rather the more typically seen driver of a third vehicle or a party who had done maintenance work on property owned by another.
The same policy considerations apply to this motion as in the Motion to Disqualify.
In this case the allegations made by the plaintiff in its motion fail to persuade the court that it is necessary to cite in Atty. Sherlock to apportion damages; and this is not a door the, Court will pass through without great care and caution.
The Motion to Cite In Party Defendants is denied.
Klaczak, J.
MEMORANDUM OF DECISION (RE: MOTION TO DISQUALIFY #118)
The plaintiff has moved to disqualify Attorney Ronald P. Sherlock from representing the defendants in this action on the grounds that Atty. Sherlock will likely be called as a witness relative to a counterclaim filed by the Lomanginos. Essentially the plaintiff claims that Atty. Sherlock, who was representing the Lomanginos at the time, gave them certain advice in connection with the development of a sub-division, and that in acting on that advice the Lomanginos contributed to or caused the damages they claim were caused by the plaintiff. In the counterclaim the Lomanginos allege the plaintiff engineering firm provided improper surveying and engineering services in connection with the subdivision, causing damages to the defendants.
It appears that at all times involved Atty. Sherlock acted in his professional capacity as attorney for the Lomanginos. His representation of them in this case, which was initiated by Close, Jensen and Miller for unpaid engineering fees, does not present a conflict, and before permitting a party to disqualify an attorney the moving party bears the burden of proving facts which indicate disqualification is necessary. The courts should act very CT Page 2188 carefully before disqualifying an attorney and negating the right of a client to be represented by counsel of choice. See Riccitelliv. Riccitelli, 8 Conn. L. Rptr. No. 9, 300 (1993); Rivera v.Chicago Pneumatic Tool Company, 17 CLT 35 (9-9-91); Goldenberg v.Corporate Air, Inc., 189 Conn. 504, 516 (1983).
The plaintiff has not met its burden of persuasion. Further it appears to the Court that the information can probably be elicited through examination of the parties, without the extreme step of disqualifying their attorney.
The Motion to Disqualify is denied.
Klaczak, J.